IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KOCH V. CITY OF SARGENT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MARK A. KOCH, APPELLANT,

V.

CITY OF SARGENT, NEBRASKA, APPELLEE.

Filed July 14, 2026.    Nos. A-25-403, A-25-576.

Appeals from the District Court for Custer County: KARIN L. NOAKES, Judge. Appeals dismissed.

Mark A. Koch, pro se.

Heather L. Sikyta, of Sikyta Law Office, L.L.C., for appellee.

RIEDMANN, Chief Judge, and MOORE and PIRTLE, Judges.

MOORE, Judge.

INTRODUCTION

Mark A. Koch, a self-represented litigant, appeals from the orders of the district court for Custer County, which dismissed the petitions in error that he filed in two separate cases against the City of Sargent, Nebraska (the City). In the first case, A-25-403 (the building permit case), Koch filed a petition in error after the city council denied him a building permit and a 30-day extension to the permit. In the second case, A-25-576 (the ordinance waiver case), Koch filed a petition in error after the city council denied him a waiver of a particular ordinance. The district court dismissed the petitions in error in both cases for lack of jurisdiction. Koch's appeals have been consolidated for briefing and disposition.

Upon our review, we conclude that the district court lacked jurisdiction to consider Koch's petitions in error in both cases. And, as a result, we lack jurisdiction over these appeals. We therefore dismiss Koch's appeals in both cases for lack of jurisdiction.

STATEMENT OF FACTS

*Appeal in Building Permit Case.*

On May 8, 2024, Koch filed a petition in error in the district court against the City, listing seven issues and four causes of action. Koch alleged numerous failings of the city council, including its denial of a building permit on April 9, 2024, and its failure to approve a 30-day extension for the building permit. Attachments to Koch's petition included a copy of the minutes for the city council's April 9 meeting, which reflect a motion by a council member "to deny Mark Koch building permits of 30 days or one year at [a particular address]." The motion was seconded, and the four council members present voted "yea."

Koch requested a transcript from the City, which the City filed with the district court on June 10, 2024. The transcript includes certain building permit applications, city council meeting minutes, and city ordinances. Koch did not request, and the transcript does not include, any zoning regulations.

On January 3, 2025, the City filed a motion for judgment on the pleadings. The City stated that the assertions in Koch's petition in error "revolve around the denial of an extension of building permit either 30 days or 12 months," and it argued that pursuant to Neb. Rev. Stat. § 19-909 (Reissue 2022), Koch's "appeal regarding the denial of the extension of a building permit" did not fall under the district court's jurisdiction and should have been made to the board of adjustment.

Following a hearing, the district court entered an order on March 31, 2025, ruling on the City's motion for judgment on the pleadings. The court noted the first and second errors alleged by Koch in his petition in error (concerning the denial of a building permit on April 9, 2024, and the failure to approve a 30-day extension for the permit), as well as the attached minutes for the April 9 city council meeting. The court found the authority for the city council's action at the April 9 meeting unclear, noting the record before it did not include a zoning ordinance or any legislative authority for the vote by the council. The court acknowledged that the council might be allowed to act as the board of adjustment to hear appeals from decisions of administrative officials if an ordinance had been passed, but it found that the record "does not establish or exclude this possibility." As to Koch's first and second alleged error, the court concluded that additional evidence was required before it could determine jurisdiction under the petition in error statutes, which "only allow the review of decisions made by a tribunal, board, or officer exercising judicial functions." The court dismissed the remaining errors alleged and the "causes of action" stated in Koch's petition in error for lack of jurisdiction because they "do not assert facts alleging a tribunal, board, or officer was exercising judicial function."

The district court heard arguments from the parties on Koch's petition in error on May 1, 2025. Koch's arguments to the court included his assertion that the City did not have a board of adjustment. According to the City, "Article 12, Section 8" of the City's zoning regulations states that "the board of adjustment is established to hear appeals and shall consist of five regular members and one alternate member. Each member shall be appointed by the mayor with approval of the city council." The City argued, however, that this information was not before the court

because Koch had failed to include any portion of the zoning regulations in his requested transcript. The City also noted that there was nothing in the transcript regarding any appointments to the board of adjustment "as mentioned by . . . Koch in his argument." The City concluded by arguing that Koch had not shown that the city council was acting "as anything other than the zoning officer" at the April 9, 2024, meeting, and that regardless of whether the city council was acting in an administrative capacity or without authority in denying Koch's permit and extension, a petition in error was not the proper action to appeal that decision.

On May 1, 2025, the district court entered an order of dismissal. The court noted the April 2024 city council meeting minutes included in the transcript, which showed the city council's denial of Koch's building permit and extension. It also noted § 150.01 of the ordinances included in the transcript filed by the City, which provides that building permit applications "shall be checked and examined by the City Council, and if they are found to be in conformity with the requirements of this chapter and all other ordinances applicable thereto, the City Council shall authorize the City Clerk to issue the applicant a permit. . . ." Based on this ordinance, the court found it apparent that the city council acted in an administrative capacity when reviewing and voting on the issuance or denial of building permits. The court reasoned that because the city council was not exercising a judicial function when it denied Koch's permit applications, his appeal should have been made to the board of adjustment. Accordingly, it concluded that it did not have jurisdiction over Koch's petition in error.

Koch subsequently perfected his appeal to this court in the building permit case.

*Appeal in Ordinance Waiver Case.*

On September 11, 2024, Koch filed a petition in error in the district court against the City, listing six causes of action challenging the constitutionality of certain city ordinances and the city council's denial of a requested waiver to city ordinance No. 534. Koch filed a praecipe requesting a transcript from the City to include authenticated copies of the meeting minutes for the city council's August 13, 2024, meeting and copies of certain ordinances (including city ordinance No. 534).

On November 6, 2024, the district court entered an order ruling on a motion for more definite statement filed by the City. The court dismissed the first, second, third, fourth, and sixth causes of action listed in Koch's petition in error for lack of subject matter jurisdiction, finding that those claims did not assert that the lower tribunal exercised a judicial function or rendered a final order. The court sustained the City's motion with respect to Koch's fifth cause of action (claim concerning the denial of a requested ordinance waiver), finding that that claim contained Koch's arguments as to the merits of his request to the city council but lacked sufficient particularity to allow the City to frame a responsive pleading.

On March 19, 2025, Koch filed an amended petition in error in the district court, asking the court to reverse the city council's denial of his request for a waiver of ordinance No. 534, which limits the time that a camper can be used for occupancy as a dwelling in the city limits. He attached a copy of the transcript from the City, which included meeting minutes for the August 13, 2024, city council meeting and a copy of ordinance No. 534. The August 13 meeting minutes show that a council member "moved to deny Mark Koch request to live in a camper next to his house." The motion was seconded, and the four council members present voted "yea." Ordinance No. 534,

adopted at the August 13 meeting (prior to the vote on Koch's waiver request), amended § 10-319 of the City's zoning regulations to provide:

> It shall be lawful for any person to store or otherwise keep on any premises travel trailers, or campers, propelled or drawn by their own or other motive power, upon any area:
>
> 1) Provided that said trailer or camper be stored as near as possible to the back of the premise;
>
> 2) Shall be placed upon said premise or portion thereof as far away as possible from the street abutting said premise; and
>
> 3) To be used for occupancy as dwelling or sleeping space for any period not to exceed two (2) weeks in duration. After said two (2) week duration, no other person(s) shall dwell or sleep in said space for a period of thirty (30) days.

Ordinance No. 534 also repealed all ordinances or parts of ordinances in conflict with the amended § 10-319 and stated it would be effective "from and after its passage, approval and publication as required by law."

The district court heard arguments on Koch's amended petition in error on June 26, 2025. At the hearing, Koch outlined the circumstances precipitating his waiver request and asked the court to overturn the city council's denial of the waiver. The City argued that the waiver request, made immediately after the passage and approval of Ordinance No. 534, was premature, since the City's ordinances "do not go into effect until after they are published according to law." The City also argued that Koch should have appealed the city council's decision to the board of adjustment, and it asked the court to dismiss the amended petition in error for lack of jurisdiction.

On June 30, 2025, the district court entered an order of dismissal. Although the court found it "not clear," the court determined that Koch appeared to be "attempting to appeal a denial of a waiver regarding a zoning regulation." The court found the record did not establish that the City had adopted a procedure to request an ordinance waiver, and it stated that Koch had not established any other legal basis authorizing a waiver of the enforcement of the ordinance. The court went on to state that, even if the city council had legal authority to issue a zoning waiver, it was not exercising a judicial function when it denied the waiver. As in the building permit case, the court stated that the specific procedure for appealing such administrative decisions was through an appeal to the board of adjustment, and the court dismissed Koch's petition in error for lack of jurisdiction.

Koch subsequently perfected his appeal to this court in the ordinance waiver case.

## ASSIGNMENTS OF ERROR

Koch's brief includes 25 assignments of error, many of which do not appear to bear any relationship to the issues addressed in the orders from which Koch appeals and do little to advise this court of the issues submitted for decision. Koch has not separately argued each assigned error, and his arguments do little to clarify or narrow the issues. Alleged errors of the lower court must be both specifically assigned and specifically argued in the brief of the party asserting the errors to be considered by an appellate court. *Ramaekers v. Creighton University*, 320 Neb. 478, 28 N.W.3d 57 (2025). A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. *Quiles v. Collazo*, 33 Neb. App.

- 4 -

180, 12 N.W.3d 518 (2024). Conclusory assertions unsupported by coherent analytical argument fail to satisfy the requirement that an error be specifically argued. *White v. White*, 320 Neb. 256, 26 N.W.3d 924 (2025).

Because we dispose of Koch's appeals on jurisdictional grounds, we do not summarize his assignments of error further except to note his first error, assigning that this court erred in consolidating his appeals. We have already overruled his separate motion to unconsolidate these appeals and decline to revisit that issue.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *MLB Advanced Media v. Nebraska Dept. of Rev.*, 321 Neb. 515, ___ N.W.3d ___ (2026).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Martens v. BB's Childcare*, 321 Neb. 335, 34 N.W.3d 393 (2026). Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Hauxwell v. Middle Republican NRD*, 319 Neb. 1, 21 N.W.3d 34 (2025).

The district court dismissed Koch's petitions in error for lack of subject matter jurisdiction after determining that the city council was not exercising a judicial function when it denied his request for a building permit and extension and when it denied his request for an ordinance waiver. The court concluded in both cases that, rather than filing a petition in error, Koch should have appealed the city council's decision to the board of adjustment.

*Propositions Governing Petitions in Error.*

The right of appeal in Nebraska is purely statutory; unless a statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist. *Dodge Cty. Humane Soc. v. City of Fremont*, 314 Neb. 714, 992 N.W.2d 747 (2023). Petition-in-error jurisdiction is limited by statute to a review of a judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court. *Main St Properties v. City of Bellevue*, 318 Neb. 116, 13 N.W.3d 911 (2024). See Neb. Rev. Stat. § 25-1901 (Reissue 2016). When an entity such as a city council is exercising its judicial functions, the petition in error statute is the proper method for challenging such actions. *Main St Properties v. City of Bellevue, supra*.

A board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner. *Id.* But where a board or tribunal decides no question of adjudicative fact and no statute requires it to act in a judicial manner, the orders are not "judicial" and are not reviewable by error proceedings. *Id.*

Adjudicative facts are facts which relate to a specific party and are adduced from formal proof. *Id.* Adjudicative facts pertain to questions of who did what, where, when, how, why, and

with what motive or intent. *Id.* They are roughly the kind of facts which would go to a jury in a jury case. *Id.* Whether a board or tribunal is required to conduct a hearing and receive evidence may be considered in determining whether the inferior board or tribunal exercised judicial functions. *Id.*

*Appeal in Building Permit Case.*

The nature of the proceeding in question before a tribunal such as a city council is a key factor in determining whether a proceeding is quasi-judicial. See *Dodge Cty. Humane Soc. v. City of Fremont, supra*. The record in the building permit case does not show that the city council was exercising a judicial function when it denied Koch's building permit and his requested extension at the April 9, 2024, meeting. The minutes from that meeting show that a council member moved to deny Koch's request for a building permit and 30-day extension, that the motion was seconded, and that no council member voted against the motion. In its May 1, 2025, order, the district court dismissed Koch's petition in error for lack of jurisdiction, concluding that the city council acts in an administrative capacity when voting on the issuance or denial of permits. In reaching that conclusion, the court referred to the City's regulations for building permits found in the transcript before it. The court noted § 150.01 concerning the authorization of building permits, and it found that instead of filing a petition in error, Koch should have appealed to the board of adjustment. We agree that the district court lacked jurisdiction over Koch's petition in error.

Neb. Rev. Stat. §§ 19-901 et seq. (Reissue 2022) permits a city council of a city of the first or second class to adopt zoning regulations and to provide for a board of adjustment. Section 19-902(1) provides that a city council "may regulate and restrict the erection, construction, reconstruction, alteration, repair, or use of buildings, structures, or land within such districts [in the municipality]." Section 19-909 provides that appeals to the board of adjustment "may be taken by any person aggrieved or by any officer, department, board, or bureau of the municipality affected by any decision of the administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board of adjustment. . . ."

Koch argues on appeal to this court that the City did not set up a board of adjustment until mid-2025. He made a similar argument to the district court at the May 1, 2025, hearing on his petition in error. At that hearing, the City referenced zoning regulations providing for the establishment of a board of adjustment, but it pointed out that the transcript before the district court did not include any portion of the zoning regulations. We agree that there is nothing in the record to support Koch's argument. He was alerted of the need to provide more evidence at the time of the district court's March 31, 2025, order ruling on the City's motion for judgment on the pleadings. At that time, the court stated its awareness that pursuant to § 19-911, a city council may be allowed to act as the board of adjustment to hear appeals from the decisions of administrative officials if an ordinance has been passed, but there was nothing in the record to establish or exclude that possibility. The court stated that additional evidence was required before the court could determine jurisdiction under the petition in error statutes. Koch did nothing to supplement the record after that hearing with any ordinances concerning the board of adjustment or other evidence to show that a board had not yet been established.

In short, there is nothing in the record to show that the city council was acting in anything other than an administrative capacity when it denied Koch's building permit and permit extension.

The record does not include any ordinances governing the appointment of a board of adjustment. The meeting minutes do not indicate that city council was acting outside of its role as described in the regulation governing building permit applications. The city council did not receive evidence or testimony into an official record at the April 9, 2024, meeting or render a decision in an adversarial process. The council merely approved a motion to deny Koch's building permit and permit extension. The district court did not err in determining that it lacked jurisdiction over Koch's petition in error in the building permit case. Accordingly, this court lacks jurisdiction over his appeal. We reach a similar conclusion with respect to Koch's appeal in the ordinance waiver case.

*Appeal in Ordinance Waiver Case.*

At the August 13, 2024, city council meeting, the city council adopted ordinance No. 534. It also approved a motion to deny Koch's request for a waiver to that ordinance. The record does not show that the city council received testimony or other evidence concerning Koch's request. In ruling on Koch's petition in error, the district court found the record did not show whether the city had adopted a procedure for requesting a zoning ordinance waiver, but that even if the city council had legal authority to grant such a waiver, the proper method for Koch to appeal the denial of his waiver request was to the board of adjustment. The court determined that the city council was not acting in a judicial capacity when it denied Koch's request and that it did not have jurisdiction over his petition in error. We agree that the city council did not exercise a judicial function in denying the requested waiver.

As noted above, a board or tribunal exercises a judicial function if it decides a dispute of adjudicative fact and whether a board or tribunal is required to conduct a hearing and receive evidence may be considered in determining whether the inferior board or tribunal exercised judicial functions. See *Main St Properties v. City of Bellevue*, 318 Neb. 116, 13 N.W.3d 911 (2024). At the June 2025 hearing before the district court, Koch argued that he did give evidence to the city council about his need for the ordinance waiver, that the City "has failed many times whenever [he] gave pictures" to accept them, and that his evidence "should have been put onto the minutes." Any argument Koch made before the city council or documentation he may have presented to it did not convert the city council's action in denying his ordinance waiver into a judicial function. See *Landrum v. City of Omaha Planning Bd.*, 297 Neb. 165, 899 N.W.2d 598 (2017) (stating parties cannot transform legislative proceeding into quasi-judicial function or establish a quasi-judicial record by simply presenting arguments and handing documents to presiding body). As in the building permit case, there is nothing to show that the city council acted in a judicial capacity in denying Koch's waiver. The district court did not err in determining that it lacked jurisdiction over Koch's petition in error in the ordinance waiver case. Accordingly, this court lacks jurisdiction over his appeal.

## CONCLUSION

Because the city council was not exercising a judicial function when it denied Koch's building permit and extension in the building permit case and when it denied Koch's request for a waiver in the ordinance waiver case, the district court lacked jurisdiction over both petition in error

proceedings. Consequently, we lack jurisdiction over Koch's appeals in both cases, and we dismiss both of his appeals for lack of jurisdiction.

APPEALS DISMISSED.